FILED: 8/26/2022 10:32 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 67692453
Reviewed By: Maria Hernandez

CAUSE NO. 220350-C _____

| | | |
|---|---|---|
| **CHARLES T. JOHNSON,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **ORANGE COUNTY, TEXAS** |
| **SPINNAKER INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | 163rd _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** CHARLES T. JOHNSON, (hereinafter referred to as "Plaintiff"), complaining of SPINNAKER INSURANCE COMPANY, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit is not governed by the expedited actions process of Texas Rule of Civil Procedure 169 because Plaintiff seek monetary relief over $100,000.00.

### PARTIES

2. Plaintiff is a resident of Orange County, Texas.

Copy from re:SearchTX

EXHIBIT A

3. Defendant is a foreign insurance company licensed and engaged in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Corporation Service Company, 211 E 7th St, Ste 620, Austin, Texas 78701.

4. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE and Plaintiff hereby demands that upon answering this suit, that it answers in its correct legal name and assumed name.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Defendant sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc*., 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

7. Venue is proper in Orange County, Texas, because the Property is situated in Orange County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff purchased a policy from Defendant (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

Copy from re:SearchTX

EXHIBIT A

9. The Policy was purchased to ensure the Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 902 Red Oak Dr., Orange, TX 77632.

10. Defendant and/or its agent sold the Policy insuring the Property to Plaintiff.

11. On or about August 27, 2020 and October 9, 2020, Plaintiff experienced hurricanes which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property damage constitutes a covered loss under the Policy issued by Defendant. Plaintiff subsequently opened a claim and Defendant assigned an adjuster to adjust the claim.

12. Thereafter, Defendant wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.

15. Defendant's investigation and claim determination grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, the Plaintiff's claim was intentionally and knowingly underpaid.

16. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster acted within the course and scope of authority as authorized by Defendant. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim

Copy from re:SearchTX

EXHIBIT A

regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

17.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy.  Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

18.     Defendant and/or Defendant's assigned agent sold the Policy to the Plaintiff, making various statements and representations to the Plaintiff that the Property would be covered.  Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, the Plaintiff filed a claim under the Policy with the belief that the Property would be covered after the hurricanes – such as the ones that damaged the Property.

19.      All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by the Plaintiff.

20.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing the Plaintiff with respect to these causes of action.

## AGENCY

21.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

22.     At all times material to this cause, all acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

Copy from re:SearchTX

EXHIBIT A

23. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

24. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2); *see also Liberty Mutual Ins. Co. v. Garrison Contractors*, Inc., 966 S.W.2d 482, 484 (TEX. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## IMPOSSIBILITY

25. Defendant's conduct has impeded the performance of Plaintiff's obligations or made it difficult or impossible for the Plaintiff to continue performance while Defendant takes advantage of any non-performance it has caused. Per the terms of the Policy, Plaintiff's recovery of replacement cost value benefits is dependent on Plaintiff's performance of repairs. However, Defendant's conduct and various breaches of its obligations and duties under the terms of the Policy have made Plaintiff's performance impossible for the Plaintiff to complete so that they may recover the replacement cost value of the repairs.

## NEGLIGENCE

26. Plaintiff hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

Copy from re:SearchTX

EXHIBIT A

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed the Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the damage to the Property was properly adjusted. Nevertheless, Defendant failed to ensure that the Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant and its assigned adjuster had and owed a legal duty to the Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

   C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

29. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

30. When this case is tried, the evidence will show that Defendant breached its duty to the Plaintiff and that Defendant was negligent, as that term is defined and applied under the laws and statutes of the State of Texas; and that such breach of its duty and negligence was a proximate cause of the damages sustained by the Plaintiff.

Copy from re:SearchTX

EXHIBIT A

## BREACH OF CONTRACT

31. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages and pay the Plaintiff policy benefits for the claims made due to the extensive hurricane-related damages.

33. As a result of the hurricane event, Plaintiff suffered significant weather-related damages. Despite objective evidence of the damages provided by Plaintiff and their representatives, Defendant breached its contractual obligations under the Policy by failing to pay the Plaintiff cost-related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, the Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

34. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal, or household use.

36. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

Copy from re:SearchTX

EXHIBIT A

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE §17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (TEX. BUS. & COM. CODE §17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (TEX. BUS. & COM. CODE §17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (TEX. BUS. & COM. CODE §17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer, and prompt resolution of Plaintiff's claim (TEX. INS. CODE §541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (TEX. INS. CODE §541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case, Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim.

37. As described in this Original Petition, Defendant represented to the Plaintiff that its Policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE §17.46(b)(5).

Copy from re:SearchTX

EXHIBIT A

38. As described in this Original Petition, Defendant represented to the Plaintiff that its Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of TEX. BUS. & COM. CODE §17.46 (b)(7).

39. By Defendant representing that it would pay the entire amount needed by the Plaintiff to repair the damages caused by the hurricane and then not doing so, Defendant has violated TEX. BUS. & COM. CODE §§17.46 (b)(5),(7), and (12).

40. Defendant has breached an express warranty that the damage caused by the hurricane would be covered under Policy. This breach entitles Plaintiff to recover under TEX. BUS. & COM. CODE §§17.46 (b) (12), (20); §17.50 (a)(2).

41. Defendant's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives the Plaintiff the right to relief under TEX. BUS. & COM. CODE §17.50(a)(3).

42. Defendant's conduct acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of TEX. BUS. & COM. CODE §17.50 (a)(4).

43. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant, to their detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which the Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

Copy from re:SearchTX

44. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, the Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. TEX. BUS. & COM. CODE §17.50(b)(1).

45. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE §17.50(d), as well as any other such damages to which the Plaintiff may be justly entitled to by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

46. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

47. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A. Misrepresenting to the Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (TEX. INS. CODE §541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or the offer of a compromise settlement of a claim (TEX. INS. CODE §541.060(a)(3));

Copy from re:SearchTX

EXHIBIT A

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (TEX. INS. CODE §541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (TEX. INS. CODE §541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (TEX. INS. CODE §541.060(a)(7));

G. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (TEX. INS. CODE §542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (TEX. INS. CODE §541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (TEX. INS. CODE §541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (TEX. INS. CODE §542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (TEX. INS. CODE §542.056(a));

L. Failing to state the reasons for rejection (TEX. INS. CODE §542.056(c));

Copy from re:SearchTX

EXHIBIT A

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (Tex. Ins. Code §542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (Tex. Ins. Code §542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (Tex. Ins. Code §542.058(a)).

48. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiaries, have a valid claim as a result of their detrimental reliance upon Defendant's unfair or deceptive acts or practices. Tex. Ins. Code §541.151(2).

49. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. Tex. Ins. Code §542.003(5).

50. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. Tex. Ins. Code §541.152.

Copy from re:SearchTX

EXHIBIT A

51. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seek to recover their costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH & FAIR DEALING

52. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

53. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim). Defendant's conduct proximately caused Plaintiff's injuries and damages.

54. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

Copy from re:SearchTX

EXHIBIT A

## KNOWLEDGE

55. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code.

## DAMAGES

56. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing and/or proximate causes of the damages sustained by the Plaintiff.

57. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs, and attorney's fees. For knowing and/or intentional conduct of the acts complained of, Plaintiff seeks three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of five (5) percent plus the interest rate determined under Section 304.003, Finance Code, per year, together with attorney's fees. TEX. INS. CODE §542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled

Copy from re:SearchTX

EXHIBIT A

to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. Plaintiff seeks monetary relief over $250,000 but less than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

63. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE §17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the penalty interest damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

64. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

65. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE §17.5051, Plaintiff requests Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

66. Plaintiff demands a jury trial, consisting of citizens residing in Orange County, Texas, and tenders the appropriate fee with this Original Petition.

## CONCLUSION

67. Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages,

Copy from re:SearchTX

EXHIBIT A

post-judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code and/or Texas DTPA, attorney's fees, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**McCLENNY MOSELEY & ASSOCIATES, PLLC**

*/s/ David R. Sanders*_____
David R. Sanders
State Bar No. 24093102
Derek L. Fadner
State Bar No.: 24100081
1415 Louisiana Street, Suite 2900
Houston, Texas 77002
832.410.1180    Phone
713.322.5953    Fax
dsanders@mma-pllc.com
derek@mma-pllc.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

EXHIBIT A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Wolf on behalf of David Sanders
Bar No. 24093102
jwolf@mma-pllc.com
Envelope ID: 67692453
Status as of 8/26/2022 2:44 PM CST

Associated Case Party: CharlesT.Johnson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David R.Sanders | | dsanders@mma-pllc.com | 8/26/2022 10:32:05 AM | SENT |
| Jamie Wolf | | jwolf@mma-pllc.com | 8/26/2022 10:32:05 AM | SENT |
| Derek Fadner | | derek@mma-pllc.com | 8/26/2022 10:32:05 AM | SENT |

Copy from re:SearchTX

EXHIBIT A